## Dunham *v.* Baker.

### In the Court below,

TIMOTHY BAKER, *Plaintiff ;* DANIEL DUNHAM, *Defendant.*

THE declaration stated, That the defendant, on the 5th of June, 1800, promised, and agreed with the plaintiff, and the plaintiff with the defendant, that the plaintiff should have the defendant's schooner, for a fishing voyage on the Northern and Eastern coasts of America ; and that the schooner should call at Hiannas harbour, on Cape-Cod, between the 1st and 10th of July, for the purpose of taking on board the plaintiff, him to transport to Norwich, previous to the 12th of July : That the plaintiff and defendant agreed, that the plaintiff should procure two fishermen, at the Cape, to go on the above mentioned voyage : That the defendant agreed to take them on board his schooner at Hiannas, with the plaintiff : And that he agreed to have the schooner in complete order, and prepared with all the necessary implements for a cod fishing voyage, on or before the 12th of July. The declaration then proceeded to state, That the defendant made and executed to the plaintiff a *memorandum*, or writing obligatory, in the words and figures following : " It is agreed between *Timothy Baker*, on the " one part, and *Daniel Dunham*, on the other part, that said " *Dunham* is to have the schooner *Pasha* ready for a fishing " voyage, and at Norwich, on the 12th day of July next, " and to let said *Baker* and a crew take said schooner on a " fishing voyage four months, on the lay, or rule of one " fourth part of all the fish that is caught by said *Baker*, " or such master as he may employ, and the crew on board, " deducting one eighth part of said fish for making, one " sixty-fourth out of said quarter, or as perquisite to said " master ; also to find salt and provisions, and all the stores, " and fishing-geer, and casks, if said master and crew

*A written contract cannot be enlarged, or varied, by parol.*

T

1805.

DUNHAM
v.
BAKER.

" choose, agreeably to such rules as said *Baker*, or master,
" shall make with said crew ; said *Dunham* is to clear said
" vessel at New-London for a fishing voyage, and find two
" men to go said voyage in her, and give the master half
" the bounty obtained. Dated this 5th day of June, 1800.

" *Daniel Dunham.*"

The plaintiff then averred, That the defendant having
specially promised to, and agreed with the plaintiff, that
the schooner should call at Hiannas for the plaintiff, and the
two men, and should convey them to Norwich, where the
schooner was to have been delivered to the plaintiff for the
purpose of a fishing voyage, the plaintiff did, on the 5th of
June, 1800, execute a writing obligatory, wherein he pro-
mised to go the voyage, in person, or by his agent : And
that, relying on the defendant, to comply with and fulfil
his part of the agreement, the plaintiff hired two men to
go the voyage, made flakes, and other necessary prepara-
tions, for curing and drying fish ; and repaired, on the 1st
of July, to the harbour of Hiannas, with his two men en-
gaged for the voyage, and there waited 14 days for the de-
fendant's vessel to call for him ; but the defendant neglected
to send his vessel to take the plaintiff, and the two men, and
also to have her ready for a fishing voyage, on the 12th of
July, and also to clear her for New-London.

The defendant, having prayed oyer of the writings set
forth in the declaration, pleaded, that in pursuance of his
obligation, he stood ready the whole of the 12th day of
July named therein to let the plaintiff, and his crew, take
the schooner on a fishing voyage, on the terms stated in
the written contract ; to furnish two sailors ; and to fulfil
the contract on his part ; traversing that the plaintiff came
to Norwich on the 12th of July, or in any way demanded
the vessel ; and also traversing ; that the defendant prom-
ised that the vessel should call at Hiannas harbour, to take
the plaintiff to transport him to Norwich.

The plaintiff replied over the facts traversed; and the defendant demurred specially.

The Superior Court adjudged the plaintiff's replication sufficient.

*Ingersoll*, and *R. Griswold*, for the plaintiff in error, contended, that this action was brought on an entire contract, part of which was alleged to be in writing, and part, by parol; that the written part was answered by the plea in bar; and that to allow a recovery on the other part, would be to admit of an addition by parol to a written contract. The cases of *Meres* v. *Ansell*, (*a*) *Preston* v. *Merceau*, (*b*) and *Alsop* v. *Goodwin* (*c*) were cited. It was also urged, that the parol contract was without consideration; that the defendant was to gain nothing by going to Hiannas; and that this was not a case of mutual promises. *Coggs* v. *Bernard*, (*d*) was cited to shew the necessity of a consideration.

*Goddard*, for the defendant in error, contended, 1. That the defect in the declaration was, at most, an informality, which it was too late for the defendant to take advantage of, after having pleaded over. He cited an anonymous case in *Salkeld*, (*e*) *Mattravers* v. *Fosset*, (*f*) *Thorp* v. *Thorp* (*g*) and *Hall* v. *Bond*. (*h*)

2. That the parol contract was the foundation of the action; and that the written contract was stated only to shew the extent of the injury, which the plaintiff had sustained.

3. That sufficient consideration appeared: The plaintiff was himself to be ready at Hiannas; he was to procure two

(*a*) 3 *Wils.* 275,6.     (*b*) 2 *Wm. Bla.* 1249,50.
(*c*) 1 *Root* 196.     (*d*) 1 *Salk.* 26. S. C. 2 *Ld. Raym.* 909.
(*e*) 2 *Salk.* 519. *pl.* 18.     (*f*) 3 *Wils.* 297.
(*g*) 12 *Mod.* 439. *pl.* 794.     (*h*) 12 *Mod.* 537. *pl.* 897.

fishermen there ; and he entered into a written agreement beneficial to the defendant.

The judgment of the Superior Court was reversed, HOSMER, *Asst.* dissenting.

BY THE COURT. The only question arising on this record respects the promise which the plaintiff, in his declaration, alleges, that the defendant made to call with his vessel at Hiannas harbour for the plaintiff, and him to transport to Norwich. It is contended by the defendant, that it was not competent for the plaintiff to prove any other, or different promise than is expressed in the defendant's written contract recited in the declaration ; and this promise is not there expressed. Of that opinion is the Court. The action is brought on a written contract, which is set forth at large ; and therefore, becomes the evidence of the plaintiff's claim and of the defendant's liability.

On the 5th of June, 1800, the parties contracted by two separate written instruments of that date. The defendant undertakes to have his schooner ready for a fishing voyage, at Norwich, the 12th of July, 1800, and let the plaintiff take her for four months ; on the part of the plaintiff, to go on the voyage, by himself or agent. The contract is mutual, and the promise of one the consideration for the other ; and these promises being reduced to writing contain, in contemplation of law, the whole contract between the parties.

By the written contract, the defendant is to have his vessel ready at Norwich, on the 12th of July ; and the plaintiff promises to go on the voyage, by himself, or agent. He is to take the vessel at Norwich. But, by this promise, which the defendant is alleged to have made at the same time, the defendant is to call, with his schooner, at Hiannas harbour, for the plaintiff, and him to transport to Norwich. This promise, if admitted, altogether changes the contract

on the part of the defendant ; for instead of the plaintiff's being obliged to take the schooner at Norwich, on the 12th of July, which he has stipulated to do, by his written contract with the defendant, the defendant is bound to go, or call at Hiannas harbour, with his schooner, and bring the plaintiff to Norwich ; and if the defendant fails to do it, the plaintiff must be exonerated from his obligation to take the vessel at Norwich, on the 12th of July, 1800, and proceed on the fishing voyage. These contracts are inconsistent with each other ; and the contract of the defendant, which the plaintiff has set forth in his declaration, must govern in the case.

The only consideration, which the plaintiff alleges for the defendant's assumption to call for him, with his vessel at Hiannas harbour, and him transport to Norwich, is the defendant's contract to let the plaintiff have his schooner at Norwich ; which also confirms the construction, that the written contracts set forth in the declaration, are the only contracts between the parties, which ought to be regarded.